# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY LAVELLE MAYS, | 2:15-cv-01333-RFB-CWH |
| Plaintiff, | |
| vs. | |
| DOUGLAS C. GILLESPIE, et al. | **ORDER** |
| Defendants. | |

Presently before the Court is Plaintiff Gregory Lavelle Mays's Notice of Service (ECF No. 24), filed on January 4, 2016. Although the document is styled as a notice, given Plaintiff's pro se status, the Court will construe the notice as a motion.

**I.     BACKGROUND**

The parties are familiar with the facts of this case, and the Court will repeat them only to the extent necessary to resolve this motion. On December 2, 2015, the Court entered a notice of intent to dismiss the case under Rule 4(m) of the Federal Rules of Civil Procedure (ECF No. 23), stating that this case would be dismissed without prejudice as to Defendant Douglas C. Gillespie unless Plaintiff filed proof of service by January 1, 2016. On January 4, 2016, Plaintiff filed a notice stating that he was unable to serve Defendant Gillespie because he was replaced by Sheriff Joe Lombardo before this case was removed from state court. (Notice (ECF No. 24) at 2.) Plaintiff requests either a copy of the state court order granting him in forma pauperis status to enable him to complete service or an order from this Court granting him in forma pauperis status. Alternatively, Plaintiff requests that the Court serve the complaint on Sheriff Joe Lombardo on Defendant Gillespie's behalf.

/ / /

## II.     MISCELLANEOUS REQUESTS

To the extent Plaintiff requests a copy of the state court order granting him in forma pauperis status, the Court will deny Plaintiff's motion. A copy of the state court order granting Plaintiff in forma pauperis status, if any such order exists, is not available on this Court's docket.

To the extent Plaintiff requests that this Court grant him in forma pauperis status, the Court will deny Plaintiff's motion without prejudice. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, Plaintiff must complete an application to proceed in forma pauperis and attach both an inmate account statement for the past six months and a properly executed financial certificate.

To the extent Plaintiff requests that the Court serve the complaint on Sheriff Joe Lombardo on Defendant Gillespie's behalf, the Court will deny Plaintiff's motion without prejudice. Sheriff Joe Lombardo is not a party to this action, and Plaintiff does not provide any legal authority indicating that it would be proper to serve a non-party on Defendant Gillespie's behalf.

## III.    TIME LIMIT FOR SERVICE

Although Plaintiff's notice does not explicitly state that he is requesting additional time to serve Defendant Gillespie under Rule 4(m) of the Federal Rules of Civil Procedure, given that Plaintiff states he was unable to serve Defendant Gillespie and requests the Court's assistance with obtaining in forma pauperis status and completing service, the Court understands Plaintiff to be requesting additional time to serve Defendant Gillespie.

Federal Rule of Civil Procedure 4(m) establishes the time for service on domestic defendants:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court must extend the 90-day time limit of Rule 4(m) if the serving party shows good cause for failure to serve within 90 days. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing the previous version of Rule 4(m) that required a defendant to be served within 120 days after the complaint is filed). If the serving party does not show good cause, the Court has discretion to extend time for service, or to dismiss the complaint without prejudice. *In re Sheehan*,

2

253 F.3d 507, 513 (9th Cir. 2001). The Court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. *Id.*

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *In re Sheehan*, 253 F.3d at 512. Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

Given that Plaintiff's only explanation for his failure to serve Defendant Gillespie was that he was replaced by Sheriff Joe Lombardo, the Court does not know what efforts Plaintiff made with regard to service and is unable to evaluate whether Plaintiff has demonstrated good cause to extend time to serve Defendant Gillespie. Regardless, under Rule 4, the Court has discretion, even without good cause, to extend the time for service. Given that this is Plaintiff's first request to extend time for service, the Court will grant Plaintiff an additional 60 days from the date of this order to serve Defendant Gillespie.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Gregory Lavelle Mays's Notice of Service (ECF No. 24) is GRANTED in part and DENIED in part for the reasons stated in this Order.

IT IS FURTHER ORDERED that Plaintiff Gregory Lavelle Mays must serve Defendant Douglas C. Gillespie by June 13, 2016.

IT IS FURTHER ORDERED that the Clerk of the Court must send Plaintiff Gregory Lavelle Mays the approved form application to proceed in forma pauperis by a prisoner, as well as the document titled Information and Instructions for Filing an In Forma Pauperis Application.

DATED: April 13, 2016

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE