UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GREGORY LAVELLE MAYS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOUGLAS C. GILLESPIE, *et al*,<br><br>　　　　　Defendants. | Case No. 2:15-cv-01333-RFB-NJK<br><br>**ORDER** |

### I.　INTRODUCTION

Before the Court is Defendants' Motion to Dismiss. ECF No. 4. This case arises out of an allegedly illegal strip search of the Plaintiff by several female police officers. For the reasons stated below the Court GRANTS Defendants' Motion.

### II.　BACKGROUND

#### A. Factual Allegations

Plaintiff, pro se, alleges the following in his Complaint. ECF No. 1.

On October 11, 2014 at 7 AM, Sergeant C. Hooten of the Las Vegas Metro Police Department ("LVMPD"), who is female, required that Plaintiff, who is an African American male, conduct a swab of his mouth and penis in front of two Caucasian female police officers. Hooten then required that Plaintiff stand naked in an interviewing room until D. Keller left the room to find clothing for him. The jumpsuit provided for him did not fit properly, and when his genitalia were exposed, several female police officers began to laugh at him.

Plaintiff alleges three separate causes of action under the Fourth, Eighth, and Fourteenth Amendment violations for illegal search and seizures, as well as cruel and unusual punishment.

**B. Procedural History**

This case was removed on July 14, 2015. ECF No. 1. Defendants filed a Motion to Dismiss on July 17, 2015. ECF No. 4. The Court entered a Scheduling Order on September 16, 2015. ECF No. 18. Discovery was due by December 9, 2015. On January 7, 2016, the Court extended the dispositive motion deadline. ECF No. 26. Defendants filed a Motion for Summary Judgment on February 16, 2016. ECF No. 28.

On March 31, 2016, the Court entered a Minute Order granting Defendants' Motion to Dismiss. ECF No. 4.

### III. LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). In elaborating on the pleading standard described in Twombly and Iqbal, the Ninth Circuit has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). In sum, at the motion to dismiss stage, "[t]he issue is not whether a plaintiff will ultimately prevail but whether [he] is

entitled to *offer* evidence to support the claims." Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)) (emphasis in original).

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation and internal quotation marks omitted). If the district court relies on materials outside the pleadings submitted by either party to the motion to dismiss, the motion must be treated as a Rule 56 motion for summary judgment. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). Two exceptions to this rule exist: First, the court may consider extrinsic material "properly submitted as part of the complaint," meaning documents either attached to the complaint or upon which the plaintiff's complaint necessarily relies and for which authenticity is not in question. Lee, 250 F.3d at 688 (citation omitted). Second, the court "may take judicial notice of matters of public record." Id. (citation and internal quotation marks omitted).

### IV. DISCUSSION

#### A. Eighth Amendment Claim

The Eighth Amendment prohibits cruel and unusual punishment and imposes duties on prison officials to "provide humane conditions of confinement." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). However, "[t]he Eighth Amendment protects only those who have been convicted of a crime." Smith v. City of Fontana, 818 F.2d 1411, 1424 (9th Cir. 1987) overruled on other grounds by Hodgers-Durgin v. de la Vina, 199 F.3d 1037 (9th Cir. 1999). See Hawkins v. Comparet-Cassani, 251 F.3d 1230, 1238 (9th Cir. 2001) (noting that Eighth Amendment claims are "reserved for those convicted of crimes") (internal quotations omitted).

The Defendants argue that Plaintiff does not allege he was searched after he was found guilty of a criminal offense. Rather, the facts allege indicate he was searched before any adjudication before a court. Therefore, his Eighth Amendment claim should be dismissed. In response, Plaintiff argues that it is unclear whether he was under arrest, and therefore his claim should survive.

1 The Court finds that Plaintiff has not sufficiently stated an Eighth Amendment claim in his Complaint because Plaintiff does not allege he was a prisoner, or that he had been convicted of a crime, at the time of the search. At best, he may have been under arrest. However, pre-trial detainees lack standing to bring an Eighth Amendment claim. See Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) ("the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees."). The Court GRANTS Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim.

### B. Fourteenth Amendment Claim

Plaintiff also asserts a Fourteenth Amendment claim for what the Court perceives to be duplicative of Plaintiff's unlawful Fourth Amendment search and seizure claim.

While a section 1983 plaintiff may maintain separate Fourteenth and Fourth Amendment claims, where the Fourteenth Amendment claim asserts an identical unlawful search and seizure claim—as opposed to arguing a separate claim for due process or equal protection—the Fourteenth Amendment does not constitute a separate cause of action that affords a plaintiff separate constitutional protections. See Graham v. Connor, 490 U.S. 386, (1989) (analyzing the plaintiff's excessive force claims under the Fourth Amendment, though recognizing the rights are secured under the Fourteenth Amendment and section 1983).

Therefore, the Court does not find that Plaintiff has asserted a separate Fourteenth Amendment claim and GRANTS dismissal of the claim.

### IV. CONCLUSION

**IT IS ORDERED** that Defendants' Motion to Dismiss (ECF No. 4) is **GRANTED**. Only Plaintiff's Fourth Amendment Claim shall proceed.

**IT IS FURTHER ORDERED** that a hearing shall be set for Tuesday, August 16, 2016 at 10:00 AM in LV Courtroom 7C regarding Defendant's Motion for Summary Judgment. ECF No. 26.

DATED: July 21, 2016.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**