**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| GREGORY LAVELLE MAYS, | 2:15-cv-01333-RFB-CWH |
| Plaintiff, | |
| vs. | |
| DOUGLAS C. GILLESPIE, et al. | **ORDER** |
| Defendants. | |

Presently before the court is Plaintiff Gregory Lavelle Mays's Motion for Enlargement of Time (ECF Nos. 41, 42), filed on July 28, 2016.

Also before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 44), filed on August 8, 2016.

**I.     MOTION FOR ENLARGEMENT OF TIME**

Plaintiff requests a 21-day extension of time to file his application to proceed *in forma pauperis*, which was due on July 27, 2016. (*See* Order (ECF No. 36).) Plaintiff represents that he was unable to timely file the application to proceed *in forma pauperis* because he was waiting to receive the required financial statement and inmate account statements from the prison's accountant. Based on Plaintiff's representations, the court will grant Plaintiff's motion to the extent it requests an extension of time to file the *in forma pauperis* application. The court notes that Plaintiff filed his application to proceed *in forma pauperis* (ECF No. 44) on August 8, 2016, which was within the 21-day extension that Plaintiff requested.

Additionally, Plaintiff requests a 60-day extension of time to serve Defendant Douglas C. Gillespie. Plaintiff does not state why additional time to serve this Defendant is needed, though the court understands Plaintiff to be asking for the extension to allow time for processing of his

1  application to proceed *in forma pauperis*. This is the court's understanding based on Plaintiff's
2  previous filings in this case, in which he indicates he is seeking *in forma pauperis* status so officers
3  of the court will issue and serve process in this case. (*See* Order (ECF No. 33) at 1:24-27.)
4  Plaintiff's deadline for serving Defendant Gillespie was June 13, 2016. (*Id.* at 3.)

5  Federal Rule of Civil Procedure 4(m) establishes the time for service on domestic
6  defendants:

> If a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

10  The court must extend the 90-day time limit of Rule 4(m) if the serving party shows good cause for
11  failure to serve within 90 days. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)
12  (citing the previous version of Rule 4(m) that required a defendant to be served within 120 days
13  after the complaint is filed). If the serving party does not show good cause, the court has discretion
14  to extend time for service, or to dismiss the complaint without prejudice. *In re Sheehan*, 253 F.3d
15  507, 513 (9th Cir. 2001). The court's discretion to extend time for service, or to dismiss without
16  prejudice for failure to timely serve, is broad. *Id.*

17  Courts must determine on a case-by-case basis whether the serving party has shown good
18  cause. *In re Sheehan*, 253 F.3d at 512. Generally, good cause is equated with diligence. *Townsel*
19  *v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires
20  more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable
21  neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

22  Given that Plaintiff did not request additional time to serve Defendant Gillespie until more
23  than six weeks after court-ordered deadline of June 13, 2016 already had expired, the court finds
24  that Plaintiff was not diligent in attempting to serve Defendant Gillespie and therefore has not
25  demonstrated good cause to extend time to serve Defendant Gillespie. Regardless, under Rule 4,
26  the court has discretion, even without good cause, to extend the time for service. Given the delays
27  in receiving the documentation Plantiff needed for his *in forma pauperis* application, the court will
28  grant Plaintiff an additional 30 days from the date of this order to serve Defendant Gillespie.

Plaintiff is advised that failure to comply with this deadline or to timely request an extension of this deadline will weigh strongly against a finding of good cause in the future.

## II.   APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Based on the information regarding Plaintiff's financial status provided in his application to proceed *in forma pauperis*, the court finds Plaintiff is unable to prepay fees or provide security for them as set forth in 28 U.S.C. § 1915(a)(1).  The court therefore will grant Plaintiff's application to proceed *in forma pauperis*.  Although a prisoner who is granted *in forma pauperis* status typically must pay the filing fee in the form of several installments under § 1915(b), Plaintiff will not be required to pay an initial installment payment or any portion of the filing fee in this matter given that the filing fee was paid by Defendants upon removal.

## III.   CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Gregory Lavelle Mays's Motion for Enlargement of Time (ECF Nos. 41, 42) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Gregory Lavelle Mays must serve Defendant Douglas C. Gillespie by **November 7, 2016**

IT IS FURTHER ORDERED that Plaintiff Gregory Lavelle May's Application to Proceed *In Forma Pauperis* (ECF No. 44) is GRANTED.

DATED: October 7, 2016

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE